By the Court.—Sedgwick, Ch. J.
The defendants bought on account of plaintiff, six hundred shares of the stock of the Northwestern Railway Company, agreeing to hold it for him so long as he should give them a sufficient amount of security. He was about to go to Europe. The defendants held $15,000 as security. The plaintiff furnished as security, in addition, thirty shares of Central Pacific Railway stock, and thirty shares of Pennsylvania Railroad stock. It was agreed that in his absence, the defendants should act for him in their discretion. He went to Hamburg. On May 12, the defendants sent to him by the post-office, “We are compelled to call upon you for additional margin on your stock at present prices, which are as follows : No. West. 105%, Cent. Pac. 41%, Penn. Cent. 56. You will see that you only have about 3 per cent, margin in our hands ; please, therefor, send us a cable on receipt of this letter, for $5,000. In the meantime we enter stop order.”
The plaintiff received this letter at about 8 o’clock in the morning of May 24. He immediately telegraphed to defendants, “Sell all North Western. Keep Central Pacific, Pennsylvania. Settle on my return.” At about 2 o’clock in the afternoon of the same day, he received from the defendants the following telegraphic message : “ Cable $10,000. North West. 97, answer,” and at about 4 o’clock “ Sold all 95.”
The plaintiff, on his return to New York, assuming that the defendants were bound to sell the North Western stock at 105-|, as the price at which it stood on May 12, according to the letter of that date, tendered to the defendants the amount that would be due to them upon such a sale, and demanded delivery to him of the stock that had been kept as security. This was refused on the ground that the plaintiff owed the defendants $6,000.
*178 The action is for conversion in not delivering the stock on the demand that has been referred to.
It may be assumed that the defendants were entitled to retain the security, if the plaintiff, in demanding it, tendered less than was due by him to defendants. He tendered an amount that would have been due if the defendants had sold at 105-f. The plaintiff claims that they were bound to sell at that price, because they had so undertaken by the letter of May 12, in entering the stop order, as the letter called it.
It is agreed that usually a stop order signifies that the broker has received and is bound to obey a direction of his principal to sell at a price described, when that price is reached in the market. A stop order may, however, describe the price by referring to contingencies and conditions. To be a stop order it is not essential that a definite figure as the price be named. In the present case, no stop order was in fact made. It did not come from the principal, and the brokers had been empowered to act in their discretion. If used in the ordinary sense in the letter, it means that the defendants have resolved or imposed upon themselves the obligation to sell at a price. This, however, could not mean that the price was to be 105f, for that price had been reached, and had that price been intended, there would have been an immediate sale. It must have referred to a price lower than 105-f, and if it did, it is clear that the plaintiffs did not tender an amount that would be due at any price less than 105f.
In reality, however, the words were not used in their ordinary sense. ’ Take all the letter and the circumstances, the controlling fact was that the transaction was not to be closed until the plaintiff had an opportunity to answer by cable the letter that was sent by mail, and the words “in the meantime, we enter stop order,” were intended to describe what the defendants would do to keep the transaction open, that is, to stop entirely in everything, and to fix it in statu quo, until the plaintiff should answer. This was done by defendants, and the plaintiff thereupon *179 gave a direction by cable, which permitted the defendants to proceed, and as they sold as requested by plaintiff, he is bound by the result.
The plaintiff’s exceptions are overruled, and judgment directed to be entered that complaint be dismissed with costs.
Freedman and Truax, JJ., concurred.